PHILIP J. BOPP, PROSECUTOR, v. FRANCIS M. MURPHY, RESPONDENT.

Submitted May 12, 1933—Decided September 7, 1933.

Before Justices CASE, BODINE and DONGES.

For the prosecutor, *William H. Speer.*

For the respondent, *David F. Barkman.*

PER CURIAM.

The writ brings up for review certain proceedings had before Francis M. Murphy, recorder of the township of Passaic, culminating in an alleged conviction of the prosecutor, Bopp. The record discloses a number of fatal defects, of which one only need be noted.

The proceedings appear to be grounded in an alleged violation of paragraph 2 of chapter 144 of the laws of 1926. The conviction reads:

"* * * Philip J. Bopp * * * was by me, Francis M. Murphy, recorder of the township of Passaic, county and state aforesaid, convicted of violating the provisions of paragraph 2, section , chapter 144, of an act entitled: "Laws of 1926—

" 'An act defining motor vehicles and providing for the registration of the same and the licensing of the drivers thereof; fixing rules regulating the use and speed of motor vehicles; fixing the amount of license and registration fees; prescribing and regulating process and service thereof, and the proceedings for the violation of the provisions of the act and penalties for said violations.'

"Approved April 8th, 1921, commonly known as 'the Motor Vehicles act' and being chapter 208 of the laws of 1921, and all amendments thereto and supplements thereof, in a summary proceeding at the suit of the State of New Jersey."

This is the extent of the finding of a violation against the defendant. The conviction proceeds:

"And further, the witnesses in the said proceeding who testified for the prosecutor were

Chief Thos. Rhein.

"And the witnesses who testified for the defendant were

Philip J. Bopp
Charles Fields
Thomas J. Hannon."

The conviction concludes with an imposition of penalty and the attestation by the recorder.

The complaint charges that Bopp "did operate an omnibus on the Valley road, in the township of Passaic, county of Morris and State of New Jersey, in violation of chapter 144, paragraph 2, as follows * * *." Without designating the volume of laws in which chapter 144 is to be found, the complaint proceeds to set out matter that is in fact an excerpt from section 3 of chapter 144 of the Pamphlet Laws of 1926. The last mentioned statute bears the title: "An act to amend the title and body of an act entitled 'An act concerning auto buses, commonly called jitneys, and their operation in cities,' approved March seventeenth, one thousand nine hundred and sixteen."

Passing over several obvious defects, including the omission in the complaint of any specification of the yearly pamphlet laws to which reference is made by "chapter 144" and the completely mistaken title imputed in the conviction to chapter 144 of *Pamph. L.* 1926, we are nevertheless brought to the conclusion that the recorder, in entertaining the complaint and framing the conviction, had regard to section 2 of the act entitled "An act concerning auto buses, commonly called jitneys, and their operation in cities," approved March 17th, 1916. *Pamph. L.* 1916, *ch.* 136, as amended by *Pamph.*

*L.* 1926, *ch.* 144, § 3. It was provided by section 5 of the original act and also by the same section as amended in *Pamph. L.* 1926, *ch.* 144, that "any person operating an auto bus in any of the streets of any city in this state at any time, after sixty days from the time when this act shall take effect, without complying with the provisions of this act, shall be deemed guilty of a misdemeanor and subject to the penalties therefor provided by law;" and the same provision is found in section 5 of the amending act, *Pamph. L.* 1926, *ch.* 144, except that the word "municipality" is substituted for the word "city." The point is that the violation, if it be considered that a violation is sufficiently charged, is, by the statute, a misdemeanor, not specially set up and given an individual procedure and penalty within the statute under consideration, but as one of the class of misdemeanors as elsewhere generally defined and penalized.

The recorder of the township of Passaic derives his office and powers from appointment by the township committee under 2 *Cum. Supp. Comp. Stat.* 1911-1924, *p.* 3677, §§ 216-19a. By sections 216-19a his jurisdictions is defined as follows:

"Such recorder shall have the same jurisdiction, power and authority in criminal matters, cases of bastardy, disorderly persons, relief, removal and settlement of the poor, breaches of the peace, vagrancy and disorderly conduct and violation of township and board of health ordinances as is by law conferred upon justices of the peace of such township."

In the absence of other definition, we must assume that the misdemeanor created by the auto bus legislation, *supra,* falls within that class of misdemeanors which, by section 218 of the Crimes act (2 *Comp. Stat., p.* 1812) is made punishable as follows:

"Any person found guilty of any crime which by this, or any other statute, is declared to be a misdemeanor, shall be punished by a fine of not exceeding one thousand dollars, or by imprisonment, with or without hard labor, as the court may direct, for any term not exceeding three years, or both."

The authority of a justice of the peace is limited. His-

torically, his authority, by virtue of his office, was wholly ministerial to prevent breaches of the peace and bring criminals to justice. *Schroder* v. *Ehlers,* 31 *N. J. L.* 44. And so it remains except as amplified by statute. We are referred to no authority by which the recorder, under powers peculiarly his or under the related authority of the justice of the peace, may try the offense which the recorder obviously did, in this instance, undertake to try and find a conviction upon; and we know of none. The case was not argued orally, and the respondent has filed no brief.

The conviction was wholly outside the jurisdiction of the court. The proceedings were defective from the start and will be set aside, with costs.